# United States Tax Court

T.C. Summary Opinion 2022-12

LIONEL E. LAROCHELLE AND MOLLY B. LAROCHELLE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10416-20S.                          Filed July 12, 2022.

————

*Arthur Lander*, for petitioners.

*William J. Gregg*, for respondent.


## SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code[1] in effect when the petition was filed.  Pursuant to section, 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS)[2] examined petitioners' 2017 joint federal income tax return.  The IRS issued a notice of deficiency

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court uses the term "Internal Revenue Service" or "IRS" to refer to administrative actions taken outside of these proceedings.  The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

dated January 6, 2020, and determined a deficiency of $72,177 and a section 6662 accuracy-related penalty of $9,075 for 2017. Petitioners timely filed a Petition for redetermination pursuant to section 6213(a).

Petitioners concede the proposed 2017 federal income tax deficiency. Petitioners fully paid the proposed deficiency before filing their Petition. The sole issue for decision is whether for 2017 petitioners are liable for a section 6662 accuracy-related penalty.

*Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts is incorporated herein by this reference. At trial respondent introduced Proposed Trial Exhibits 1000-R, 1001-R, 1002-R, 1003-R, 1004-R, 1005-R, and 1006-R. Petitioners did not object to the admission of Proposed Trial Exhibits 1000-R and 1001-R. Petitioners objected to the admission of Exhibits 1002-R, 1003-R, 1004-R, 1005-R, and 1006-R. The Court overruled petitioners' objections to Exhibits 1003-R, 1004-R, 1005-R, and 1006-R and admitted these Exhibits into evidence. Petitioners objected to the admission of Exhibit 1002-R, on the basis of hearsay. Respondent argued that it qualified for the exception to hearsay under Federal Rule of Evidence 803(6) as a business record and indicated that he would have a witness testify as to why it was a business record. However, respondent never called a witness to so testify. During trial the Court reserved ruling on respondent's Proposed Trial Exhibit 1002-R. Petitioners' objection is sustained.

Petitioners resided in Florida when they timely filed the petition.

I. *Petitioners' 2017 Tax Return*

Petitioners requested an extension of time to file their 2017 tax return until October 15, 2018, and filed it on October 14, 2018. To prepare their federal income tax returns petitioners collected documents that they had received and provided them to their tax professional, Mr. Lander.[3] Petitioners followed this procedure for both 2016 and 2017.

---

[3] Arthur Lander represents petitioners in this case. At trial the Court apprised the parties of Rule 24(g)(2)(A), which provides that "[c]ounsel may not represent a party at trial if the counsel is likely to be a necessary witness within the meaning of the ABA Model Rules of Professional Conduct," with several narrow exceptions. Petitioners stated that Mr. Lander was not likely to be a necessary witness, and Mr. Lander did not testify.

Beyond that, petitioners relied on Mr. Lander to prepare and submit their federal income tax returns.

## II.   *Petitioners' Move to Florida*

During 2016 petitioners moved from Washington, D.C., to Florida. During 2017 petitioners lived in Florida, but they also owned a house in Washington, D.C. Petitioners signed up for and used mail forwarding through the U.S. Postal Service to forward mail from their Washington, D.C., house to their new residence in Florida. After starting mail forwarding, petitioners received mail at their Florida residence that had been mailed to their Washington, D.C., house, including monthly bills.

Petitioners received a Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, from Fidelity with respect to a distribution of $60,000 during 2016 from an Individual Retirement Account (IRA). That Form 1099–R listed petitioners' address in Florida. Petitioners reported that distribution on their 2016 tax return. National Financial Services, LLC,[4] issued a Form 1099–R to Mr. LaRochelle with respect to a distribution of $238,000 from an IRA during 2017. That Form 1099–R listed petitioners' Washington, D.C., address.

## III.   *Mr. LaRochelle's Businesses*

During 2017 Mr. LaRochelle was professionally engaged in more than ten business partnerships. He was required to report taxes for those partnerships in more than five states. With respect to one partnership, which held hotel real estate assets, Mr. LaRochelle was the overseeing general manager and was in charge of its day-to-day operations, as well as its recordkeeping.

## IV.   *IRS Correspondence*

The IRS Automated Underreporter (AUR) program detected a mismatch between the income reported on petitioners' 2017 tax return and the amount that petitioners' IRA custodian, National Financial Services, LLC, reported to the IRS. As a result the IRS issued petitioners a computer-generated CP2000 notice and proposed a deficiency stemming from the missing $238,000 IRA distribution.

---

[4] The Court takes judicial notice that National Financial Services, LLC, is a subsidiary of Fidelity.

Petitioners did not respond to the CP2000 notice. The IRS subsequently issued petitioners the notice of deficiency. Petitioners gave the notice of deficiency to Mr. Lander and asked him to investigate and verify the proposed deficiency. After Mr. Lander verified that the proposed deficiency was correct, petitioners paid it in full on January 27, 2020. On February 5, 2020, petitioners requested that the IRS abate the accuracy-related penalty. The IRS sent petitioners a Letter 2626C denying the request to abate the penalty because the information petitioners provided did not establish reasonable cause.

*Discussion*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is attributable to any substantial understatement of income tax. An understatement is a "substantial understatement" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. I.R.C. § 6662(d)(1)(A). Respondent has determined the section 6662(a) penalty on the basis of a substantial understatement of income tax.

I. *Burden of Production*

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for any penalty. I.R.C. § 7491(c); *Higbee v. Commissioner,* 116 T.C. 438, 446–47 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

The Court has held that substantial understatement penalties determined by an IRS computer program without human review are "automatically calculated through electronic means" and are thus exempt from the written supervisory approval requirement that generally applies to such penalties. *See Walquist v. Commissioner*, 152 T.C. 61, 73 (2019). This exception includes returns processed through the AUR program, when the IRS issues a CP2000 notice to a taxpayer and the taxpayer fails to respond to the notice. *See Walton v. Commissioner*, T.C. Memo. 2021-40, at *9–10; *Ball v. Commissioner*, T.C. Memo. 2020-152, at *12–13.

Respondent has asserted, and the record supports him, that the accuracy-related penalty at issue was automatically calculated through

electronic means and, therefore, falls within the section 6751(b)(2)(B) exception to the written supervisory approval requirement.

Further, the record shows, and the parties do not dispute, that there was an understatement of tax, attributable to the unreported retirement distribution, which meets the definition of a substantial understatement of income tax. *See* I.R.C. § 6662(d). Thus, respondent has met his burden of production with respect to the accuracy-related penalty.

II. *Reasonable Cause and Good Faith*

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1). This determination is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1). In making that determination, "the most important factor" is usually "the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.*

Petitioners assert that they should not be liable for the penalty because they did not remember receiving the Form 1099–R for the unreported retirement distribution. However, petitioners did not dispute that they received the $238,000 distribution sometime in 2017. Nonreceipt of tax information forms, such as a Form W–2, Wage and Tax Statement, or a Form 1099, does not excuse a taxpayer from his or her duty to report the income. *See Du Poux v. Commissioner,* T.C. Memo. 1994-448 ("[F]ailure to receive tax documents [such as Form 1099–MISC] does not excuse taxpayers from the duty to report income."). Further, nonreceipt of a Form 1099–R does not constitute reasonable cause to prevent the application of a section 6662(a) accuracy-related penalty. *See Ashmore v. Commissioner*, T.C. Memo. 2016-36 (holding that any error by the company responsible for issuing the taxpayer a Form W–2 did not provide reasonable cause because the taxpayer should have known of his missing second Form W–2); *Jones v. Commissioner*, T.C. Memo. 2010-112 (failure to receive a Schedule K did not constitute reasonable cause where the taxpayer acknowledged she received a distribution from the entity); *Brunsman v. Commissioner*, T.C. Memo. 2003-291 (rejecting the reasonable cause defense where the taxpayer received only one Form 1099–MISC but knew he had held two jobs).

Mr. LaRochelle asserted that petitioners relied on their tax professional, Mr. Lander, to handle their tax return. The decision as to whether a taxpayer acted with reasonable cause and in good faith takes into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice. *Thomas v. Commissioner,* T.C. Memo. 2013-60, at \*7; Treas. Reg. § 1.6664-4(b)(1). Mr. LaRochelle did not explain what was meant by petitioners' relying upon Mr. Lander to handle their tax return. Mr. LaRochelle is a sophisticated businessperson who during 2017 was the general manager of a real estate partnership, was involved in more than ten other partnerships, and was responsible for recordkeeping for those partnerships. Therefore, Mr. LaRochelle was aware of the need to keep records concerning financial receipts.

The record shows that petitioners did not provide Mr. Lander with all of the information that was necessary to prepare an accurate income tax return, namely information about the $238,000 IRA distribution that petitioners acknowledged they received, or even any information that they had an IRA account. Reliance on the professional advice of a tax return preparer does not constitute reasonable cause where the taxpayer did not provide the representative with all the information necessary to prepare an accurate income tax return. *Enoch v. Commissioner*, 57 T.C. 781, 802 (1972). Other than handing over most of their documents to Mr. Lander, petitioners did not appear to actively participate in the return preparation process. Further, the record does not show that petitioners reviewed the completed return before it was filed.

III.  *Conclusion*

Clearly, petitioners made a mistake. However, on the totality of the facts and circumstances, petitioners have not proven that they had reasonable cause for their substantial understatement of income tax or acted in good faith. Accordingly, petitioners are liable for the accuracy-related penalty for an underpayment due to a substantial understatement of income tax for taxable year 2017.

To reflect the foregoing,

*Decision will be entered for respondent.*